IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ROBERT MONORA,                              )
AIS #179843,                                )
                                            )
            Plaintiff,                      )
                                            )
    v.                                      )          CASE NO. 3:15-CV-720-MHT
                                            )
CAPT. WHITEHEAD, et al.,                    )
                                            )
            Defendants.                     )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint and
amendment thereto filed by Robert Monora ("Monora"), a convicted inmate, in which he
challenges the constitutionality of conditions to which he was subjected during a prior term
of incarceration at the Macon County Detention Facility.  At the time Monora filed this
case, he was incarcerated in the Alabama prison system.

The defendants filed a special report and supporting evidentiary materials
addressing Monora's claims for relief.  In these filings, the defendants deny they acted in
violation of Monora's constitutional rights and argue that this case is due to be dismissed
because prior to filing this cause of action Monora failed to properly exhaust an
administrative remedy available to him at the Macon County Detention Facility with
respect to the claims presented in the complaint.  *Defendants' Special Report - Doc. No.*

1

*29* at 3-4, 7-8.  The defendants base their exhaustion defense on Monora's failure to file a grievance regarding the claims raised in the complaint.

Upon receipt of the defendants' special report the court issued an order providing Monora an opportunity to file a response to the report in which Monora was specifically directed to address "the defendants' argument that his claims are due to be dismissed because he failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a)" prior to filing this federal civil action.  *Order of March 16, 2016 - Doc. No. 34* at 1 (footnote omitted).  The order advised Monora that his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. *Id.* at 2-3. This order further cautioned Monora that unless "<u>sufficient legal cause</u>" is shown within ten days of entry of this order "<u>why such action should not be undertaken</u>, the court may at any time [after expiration of the time for his filing a response to this order] and <u>without further notice to the parties</u> (1) treat the special report and any supporting evidentiary materials as a motion to dismiss and (2) after considering any response as allowed by this order, rule on the motion in accordance with law." *Id*. 3.  Monora has filed no response to this order within the time prescribed by the court. *Id*. 2 (plaintiff's response due on or before April 5, 2016).

Pursuant to the March 16, 2016 order, the court deems it appropriate to treat the defendants' report as a motion to dismiss with respect to the exhaustion defense.  Thus, this case is now pending on the defendants' motion to dismiss. *Bryant v. Rich*, 530 F.3d

1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Florida Dept. of Corrections*, 587 F. App'x 531, 534 (11th Cir. 2014) (District court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies[.]").

## II. STANDARD OF REVIEW

In addressing the requirements of 42 U.S.C. § 1997e with respect to exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis,* 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id.* (affirming dismissal of prisoner's civil rights suit to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner,* 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), *modified on other grounds,* 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner,* 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison ... must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983"); *Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk,* 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) [- the equivalent to a § action for a federal inmate -]

for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dept. of Corrections*, 254 F.3d 1276, 1279 (11th Cir. 2001).  The Court has therefore determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004).   Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement.  *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)."  *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 F. App'x 364, 366 (11th Cir. 2012).  Based on the foregoing, the court will "resolve this issue first."  *Id.*

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true.  'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.'  *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant,* 530 F.3d at 1373-74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.'  *Id.* (citing *Bryant,* 530 F.3d at 1373-74, 1376)."  *Myles*, 476 F. App'x at 366. Consequently, a district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing].  *See* [*Turner*, 541 F.3d at 1082].   The judge properly may consider facts outside of the pleadings to

resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 F. App'x at 535.  Based on the foregoing, the Eleventh Circuit specifically rejected the argument that "disputed facts as to exhaustion should be decided by a jury." *Id*. at 3.

Upon review of the complaint, the defendants' special report and the undisputed evidentiary materials filed in support thereof, the court concludes that the defendants' motion to dismiss is due to be granted.

### III.  DISCUSSION

Monora challenges conditions to which he is subjected at the Macon County Detention Facility.  In response to the complaint, the defendants assert that this case is subject to dismissal because Monora failed to exhaust the administrative remedy provided at the Macon County Detention Facility prior to filing the instant complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "Congress has provided in § 1997(e)(a) that an inmate

must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally

defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him.  548 U.S. at 83-84, 126 S.Ct. at 2382; *Bryant*, 530 F3d at 1378 (To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step within the administrative process."); *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement).  "***The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint***."  *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (per curiam) (emphasis added).

It is undisputed that the Macon County Detention Facility provides an administrative remedy for inmate complaints in the form of an inmate grievance procedure. *Defendant's Exhibit B - Doc. No. 29-4* at 17.  The grievance procedure allows an inmate to submit grievances to jail personnel with respect to matters/conditions occurring at the detention facility.  The grievance procedure provides as follows:

> 9F.1   If [an inmate has] a grievance, [the inmate] can report it on an Inmate Grievance Form.  Only one inmate signature is allowed per grievance.

> 9F.2   Your grievance will be investigated and answered, in writing, within 72 hours of the time it is received, excluding weekends and holidays. Grievances are first answered by the shift supervisor.  If more than 72 hours

is required to investigate the grievance, the inmate is notified in writing.  If the grievance concerns an emergency or the inmate's welfare is threatened, it is answered as soon as possible.

9F.3   If you are not satisfied with the first answer to your grievance, you may send a grievance to the administrator.

9F.4   We will not take any negative action against you because you file a grievance.

*Id*.

Based on the evidence contained in the record, the court finds that Monora failed to properly exhaust the administrative grievance procedure available at the Macon County Detention Facility.  Specifically, Monora did not file a grievance regarding any of the claims made the basis of the instant complaint prior to filing this case.  It is likewise undisputed that at the time of filing this case, the facility's administrative remedy was no longer available to Monora as he had been transferred to the custody of the Alabama Department of Corrections.   Monora does not dispute his failure to exhaust the administrative remedy provided to him by the defendants while such remedy was available to him.  Under these circumstances, dismissal with prejudice is appropriate.  *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion reqirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd

Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits ... properly dismissed with prejudice" where previously available administrative remedies had become unavailable).

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion to dismiss be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy available to him at the Macon County Detention Facility prior to initiating this cause of action.

2.  This case be dismissed with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to properly exhaust an administrative remedy previously available to him at the Macon County Detention Facility.

3. No costs be taxed herein.

It is further

ORDERED that on or before May 12, 2016 the parties may file objections to this Recommendation.   A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.   Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party

to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 27th day of April, 2016.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE